**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 17 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEICY CHUNG,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>VISTANA VACATION OWNERSHIP, INC.; STARWOOD HOTELS AND RESORTS WORLDWIDE, LLC, FKA Starwood Hotels and Resorts Worldwide, Inc.,<br><br>Defendants-Appellees. | No. 17-56691<br><br>D.C. No. 2:17-cv-04803-RGK-JC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted April 11, 2018[**]

Before:    SILVERMAN, PAEZ, and OWENS, Circuit Judges.

Keicy Chung appeals pro se from the district court's judgment dismissing

his diversity action alleging state law claims related to his purchase of a timeshare

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

property in Hawaii. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed Chung's claim under California's Vacation Ownership and Time-Share Act of 2004 ("VOTSA") because the parties' agreement expressly provides for Hawaii law to govern legal disputes regarding the sale, Hawaii has a substantial relationship to the transaction, and there is no showing that Hawaii law is contrary to a fundamental policy of California. *See Nedlloyd Lines B.V. v. Superior Court*, 834 P.2d 1148, 1151-52 (Cal. 1992) (setting forth California's choice-of-law framework where the parties have contractually agreed upon a governing law).

The district court did not abuse its discretion by dismissing Chung's VOTSA claim without providing an opportunity to amend because amendment of this claim would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and stating that leave to amend may be denied where amendment would be futile).

The district court properly dismissed Chung's fraud claim because Chung failed to satisfy the heightened pleading standard set forth in Federal Rule of Civil

Procedure 9(b). *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) ("Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." (citation omitted)). Because Chung has made no attempt to clarify how he would overcome these deficiencies in his complaint, we conclude that the district court properly determined that leave to amend would be futile. *See Kendall v. Visa USA, Inc.*, 518 F.3d 1042, 1052 (9th Cir. 2008) (amendment is futile where a plaintiff "fail[s] to state what additional facts [he] would plead if given leave to amend, or what additional discovery [he] would conduct to discover such facts").

**AFFIRMED.**